UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-00599-GNS

JAMES H. POGUE                                                                              PLAINTIFF

v.

PRINCIPAL LIFE INSURANCE COMPANY                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint

for *Forum Non Conveniens* or, in the Alternative, to Transfer Venue and Motion to Dismiss for

Failure to State a Claim. (Def.'s Mot. to Dismiss Pl.'s Compl. for *Forum Non Conveniens* or, in

the Alternative, to Transfer Venue and Mot. to Dismiss for Failure to State a Claim [hereinafter

Def.'s Mot. to Dismiss], DN 8). The motion has been fully briefed and is ripe for decision. This

motion, with regard to both claims is **DENIED**.

## I.      BACKGROUND

This action arises from the denial by Principal Life Insurance Company ("Principal Life")

of the disability insurance claim filed by Plaintiff James H. Pogue ("Pogue"). Pogue was

employed in Tennessee at the time of the formation of the contract and his medical license was

revoked in Tennessee, leading to his ultimate unemployment. (Def.'s Mot. to Dismiss 2). Pogue

was examined by multiple Tennessee doctors who diagnosed his disability. (Def.'s Mot. to

Dismiss 2). Pogue currently resides in Kentucky, made insurance premium payments while in

Kentucky, and the denial of Pogue's claim for coverage was communicated to him in Kentucky.

(Pl.'s Resp. to Def.'s Mot. to Dismiss 4).

On August 6, 2014, Pogue filed this lawsuit against Principal Life in Jefferson Circuit Court alleging that Principal Life improperly denied coverage under its policy issued to Pogue. (Compl. 1, DN 1-2; Wallace Aff. 1, DN 1-3). On August 29, 2014, Principal Life removed the action to this Court on the basis of diversity of citizenship. (Notice of Removal, DN 1).

## II.    JURISDICTION

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as there is complete diversity between the Plaintiff and Defendant and the amount in controversy exceeds the sum of $75,000.00.

## III.    STANDARD OF REVIEW

In order to survive dismissal for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Id*. (internal quotation marks omitted) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted).

## IV.     DISCUSSION

Principal Life seeks relief under two theories of relief. Principal Life's first theory is under the doctrine of *forum non conveniens*. The doctrine of *forum non conveniens* allows courts to "resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947). "[T]he central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient . . . ." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 256 (1981). Second, and alternatively, Principal Life argues that choice of law favors Tennessee law in this action and that Pogue's action is invalid under the law of that state. (Def.'s Mot. to Dismiss 3). In support, Principal argues that Tennessee, rather than Kentucky, has the most significant relationship to this action under the "most significant relationship" test as stated in the Restatement (Second) of Conflict of Laws Section 188. (Def.'s Mot. to Dismiss 3; Def.'s Reply to Pl.'s Resp. to Mot. to Dismiss 3).

### A.     Forum Non Conveniens

To determine whether dismissal based upon *forum non conveniens* is appropriate, the Court must apply a two-step analysis. First, the defendant must establish that an appropriate alternative forum is available. *AEP Indus., Inc. v. UTECO N. Am., Inc.*, No. 1:14-CV-96-GNS, 2015 WL 1298556, at * 2 (W.D. Ky. Mar. 23, 2015) (citing *Zions First Nat'l Bank v. Moto Diesel Mexicana*, *S.A. de C.V.*, 629 F.3d 520, 523 (6th Cir. 2010)). Second, the balance of public and private interest factors must demonstrate an unnecessary hardship on the defendants. *Id*. If these factors show that "oppression and vexation to a defendant [is] out of all proportion to plaintiff's convenience" dismissal is appropriate. *Zions*, 629 F.3d at 525 (internal quotation marks omitted) (citation omitted). In addition, a plaintiff's choice of forum is given heightened

deference. *AEP*, 2015 WL 1298556, at * 2 (citing *Duha v. Agrium, Inc.*, 448 F.3d 867, 874 (6th Cir. 2006)).

"Private factors are unique to the parties and dispute." *AEP*, 2015 WL 1298556, at *2. These include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. (citing *Gulf Oil Corp.*, 330 U.S. at 508). "Private factors must weigh heavily in the defendant's favor to warrant dismissal." *Id*.

"Public interests are those particular to the forum." *Id*. "If the dispute's origin is outside the forum, these factors generally weigh against the exercise of jurisdiction." *Id*. (citing *Gulf Oil Corp.*, 330 U.S. at 509) (internal quotation marks omitted). "In particular, juries from jurisdictions without a connection to the dispute should not be burdened." *Id*. "Conversely, the citizens of a jurisdiction, through their participation in a jury pool, have an interest in deciding local controversies." *Id*. (citing *Gulf Oil Corp*., 330 U.S. at 508). "Finally, the application of foreign law unfamiliar to a court creates a burden which weighs against the exercise of jurisdiction." *Id*. Thus, the Court must balance the private and public interest factors established in *Gulf Oil*.

### 1.    *Adequate Alternative Forum*

"Before weighing the public and private factors, the Court must first determine that a suitable alternative forum in fact exists." *Id*. (citing *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 830 (6th Cir. 2009)). Neither party contests Tennessee's suitability as a forum, and the Court has

little trouble concluding Tennessee would provide an amenable alternative.[1] "Absent an obviously deficient forum, an alternative is generally deemed suitable if the parties are amenable to process there." *Id*. As all parties in this suit have some connection to Tennessee, there are no obstacles to an alternative forum.

### 2.    *Private Interest Factors*

Principal Life argues that private interest factors weigh in favor of dismissal. (Def.'s Mot. to Dismiss 6). Principal Life argues that the "relative ease of access of sources of proof" favors Tennessee. (Def.'s Mot. to Dismiss 5). Yet, this Court has held that technological advancements have largely made this factor a wash. *Pharmerica Corp. v. Crestwood Care Ctr.*, No. 3:12-CV-00511-CRS, 2013 WL 542547 (W.D. Ky. Sept. 26, 2013). Principal Life presents no evidence indicating that this Court will be unable to obtain all sources of proof relevant to this action. Some relevant witnesses involved in this cause of action reside in Tennessee. (Def.'s Mot. to Dismiss Pl.'s Compl. 4-5; Def.'s Reply to Pl.'s Resp. to Mot. to Dismiss 7). In addition, most documents relevant to this action exist in Tennessee. Principal Life relies on the "inconvenience" of requiring witnesses in Nashville, Tennessee to travel "in excess of 100 miles" to Louisville, Kentucky. (Def.'s Mot. to Dismiss 5; Def.'s Reply to Pl.'s Resp. to Mot. to Dismiss 12). Yet, distance alone is not sufficient to find in favor of Principal Life. *See Egrsco, LLC v. Evans Garment Restoration*, *LLC*, No. 2:09-CV-358 2009, WL 3259423, at *7 (S.D. Ohio Oct. 8, 2009). Further, Principal Life makes no claim that it or its representatives will be inconvenienced by a Kentucky forum. (Def.'s Mot. to Dismiss 4-5; Def.'s Reply to Pl.'s Resp. to Mot. to Dismiss 7). Thus, this argument is not persuasive.

---

[1] Some forums offering only "clearly unsatisfactory" remedies may be deemed inadequate. *Piper Aircraft*, 454 U.S. at 255 n.22. Neither party contends Tennessee is such a forum.

Principal Life also asserts that this Court cannot exercise jurisdiction over essential witnesses should they be unwilling to appear. Principal Life presents no evidence that any of the witnesses may be unwilling to appear in this matter and relies entirely on the distance between Nashville, Tennessee, and Louisville, Kentucky. This, without more, cannot be the basis of dismissing the case on the basis of *forum non conveniens*.[2] Thus, the private interest factors do not support a transfer to Tennessee.

### 3. *Public Interest Factors*

The "public" interest factors to be considered include "(1) administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft Co.*, 454 U.S. at 241 n.6; *Gulf Oil*, 330 U.S. at 508-09.

Principal Life's Motion to Dismiss asserts that many of the early events that gave rise to this action occurred in Tennessee and therefore, Kentucky courts should not be burdened with Pogue's claims. (Def.'s Mot. to Dismiss 6-7). Yet, Principal Life ultimately made its decision to deny his claim while Pogue was a resident of Kentucky. Principal Life also conducts business in the state of Kentucky. (Pl.'s Resp. to Def.'s Mot. to Dismiss 14). Thus, a denial of insurance coverage to a Kentucky resident by a company which does business in the state would have an effect on citizens of this jurisdiction, notwithstanding Tennessee's citizens' interest in an insurance agreement formed within the state. While Pogue is a resident of the forum, Principal

---

[2] A federal court can issue a subpoena for a witness to appear if the witness is located within 100 miles of the deposition. *See Hallamore Corp. v. Capco Steel Corp.*, 259 F.R.D. 76, 79 n.7 (D. Del. 2009) (discussing the scope of Fed. R. Civ. P. 45(b)(2)(B))..

Life is not a resident of Tennessee,[3] and thus Tennessee has a lesser public interest in this matter. *Piper Aircraft Co.*, 454 U.S. at 241 n.6; *Gulf Oil*, 330 U.S. at 508-09.

Principal Life also alleges that the administrative difficulties flowing from court congestion in this forum favor transferring the case to the Middle District of Tennessee. (Def.'s Reply to Pl.'s Resp. to Mot. to Dismiss 9-10). The Court rejects this argument and is fully capable of ruling on this matter without delay. Thus, this factor favors a Kentucky forum. Finally, as addressed below, Kentucky law applies to this case. Therefore, Kentucky has an interest in "having the trial of a diversity case in a forum that is at home with the law that must govern the action" and unnecessary problems in conflict of laws are avoided by the application of Kentucky law. *Piper*, 454 U.S. at 241 n.6 (quoting *Gulf Oil*, 330 U.S. at 509).

Thus, private interest factors appear inconclusive while public interests favor a Kentucky forum. This Court need not finely balance the two. "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp.*, 330 U.S. at 508. Further, the "heightened deference" afforded a plaintiff's choice of forum has been deemed determinative. *Duha*, 448 F.3d at 874 (citation omitted). Given that there is no suggestion of forum-shopping or improper motive in Pogue's choice of forum, the motion to dismiss for *forum non conveniens* will be denied.

### B.   Choice of Law

The Court need only conduct a choice-of-law analysis if a conflict exists between two states' laws. *Williams v. Toys "R" Us*, 138 F. App'x 798, 803 (6th Cir. 2005). The parties do not contest that a conflict between Kentucky and Tennessee law exists. Specifically, Tennessee does not recognize the tort of a bad faith denial of an insurance claim, whereas Kentucky does.

---

[3] Principal Life is incorporated and has its principal place of business in Iowa. (Notice of Removal 2).

*Compare Persian Galleries, Inc. v. Transcontinental Ins. Co.*, 38 F.3d 253, 257 (6th Cir. 1994) *with Wittmer v. Jones*, 864 S.W.2d 885, 886 (Ky. 1993). In addition, Tennessee does not recognize the remedy of punitive damages regarding breach of contract claims, whereas Kentucky does, albeit in very limited circumstances. *Compare Heil Co. v. Evanston Ins. Co.*, 690 F.3d 722, 728 (6th Cir. 2012) *with Wittmer*, 864 S.W.2d at 885. Thus, the Court must resolve the conflict in this case between Tennessee and Kentucky law.

"Federal courts hearing cases based on diversity must determine which state's law to apply to the case. This begins with an analysis of the choice-of-law rules of the forum state . . . ." *Wells Fargo Fin. Leasing, Inc. v. Griffin*, 970 F. Supp. 2d 700, 707 (W.D. Ky. 2013). Pogue's claims are founded in both contract and in tort. Kentucky applies the "most significant relationship" test in Section 188 of the Restatement (Second) of Conflict of Laws (1971) for contract disputes and "any significant contacts" for tort actions. *Saleba v. Schrand*, 300 S.W.3d 177, 181 (Ky. 2009). All tort claims in this action arise out of the breach of contract claim. Since the "most significant relationship" test is the more stringent test and the parties do not dispute this test applies to all claims, Section 188 of the Restatement (Second) of Conflict of Laws applies. The Court must consider several factors to determine which state has the most significant relationship to the transaction. *Griffin*, 970 F. Supp. 2d at 710. These factors are: 1) the place of contracting; 2) the place of negotiation of the contract; 3) the location of the subject matter of the contract; 4) the place of performance; and 5) the domicile, residence, nationality, place of incorporation and business of the parties. *Id.* at 707 n.4 (citation omitted). The Court will consider each factor in turn.

### 1.      *The Place of Contracting*

Principal Life argues that the place of contracting is Tennessee as Pogue originally entered into the insurance agreement in Tennessee. (Def.'s Mot. to Dismiss 2). Pogue counters that premium payments were made while he was a resident of Kentucky and each premium payment constituted the "last act necessary" to form a contract. (Pl.'s Resp. to Def.'s Mot. to Dismiss 7).

Kentucky law is unclear on the issue and neither party cites applicable law. In other states, courts consider the "last act necessary" to form an insurance agreement as it relates to the signing and countersigning of the agreement. *See Steelcase, Inc. v. Am. Motorists Ins.*, No. G87-553 CA1, 1989 WL 253892 (W.D. Mich. Feb. 24, 1989); *see also Moody v. Kirkpatrick*, 234 F. Supp. 537, 540 (M.D. Tenn. 1964). While premium payments were a condition of continuing coverage under the insurance agreement, the agreement at issue in this case was originally signed, countersigned, and delivered in Tennessee. (Def.'s Mot. to Dismiss 4; Wallace Aff. 46). Thus, this factor weighs in favor of the application of Tennessee law.

### 2.      *The Place of Negotiation*

Most insurance policies are considered contracts of adhesion under Kentucky law. *See Pryor v Colony Ins.*, 414 S.W.3d 424, 430 (Ky. App. 2013); s*ee also Unlimited Marine, Inc. v. Empire Indem. Ins. Co.*, No. 1:11-CV-00016-R, 2012 WL 1015458, at *9 (W.D. Ky. Mar. 22, 2012). Standard insurance agreements are not "negotiated" under Kentucky law. *Jones v. Bituminous Cas. Corp.*, 821 S.W.2d 798, 801-02 (Ky. 1991). "They are offered to the insurance consumer on essentially a take it or leave it basis without affording the consumer a realistic opportunity to bargain." *Id.* (internal quotation marks omitted). Neither party makes a colorable

claim that this agreement was negotiated in either Kentucky or Tennessee. Kentucky law is clear that such contracts are not negotiated. *Id*. Thus, this factor is a wash.

### 3. *The Location of the Subject Matter of the Contract*

Principal Life argues that the subject matter of the contract existed in Tennessee rather than Kentucky. (Def.'s Reply to Pl.'s Resp. to Mot. to Dismiss 4). Since the contract at issue involves disability income coverage which was predicated on the loss of Pogue's Tennessee job due to a disability that first arose in Tennessee, it appears the subject matter of the contract was in Tennessee. (Def.'s Mot. to Dismiss 2). In addition, Pogue's disability condition was first diagnosed in Tennessee and all hearings that lead to the termination of Pogue's medical license occurred in Tennessee. (Def.'s Reply to Pl.'s Resp. to Mot. to Dismiss 4). Pogue has demonstrated no facts which indicate the subject matter of the contract was in Kentucky. Thus, this factor favors the application of Tennessee law.

### 4. *The Place of Performance*

The Sixth Circuit has held that insurance agreements are "generally unilateral contracts" in which the insured pays premiums in exchange for the insurance company's promise to provide insurance. *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 599 (6th Cir. 2004). Principal Life offers few arguments in support of Tennessee as the place of performance. While many of the early events that formed the contract occurred in Tennessee, the performance of the contract occurred in Kentucky. Pogue upheld his side of the bargain by paying his premiums in Kentucky which, while not sufficient to form the contract, was sufficient to perform under the original agreement. *See id*.; (Pl.'s Resp. to Def.'s Mot. to Dismiss 7). In addition, Principal Life arguably failed to perform when it denied Pogue's claim while he was living in Kentucky and failed to make the payment promised in the agreement. Thus, this factor favors the application of Kentucky law.

10

**5.** *The Domicile, Residence, Nationality, Place of Incorporation and Business of the Parties*

This factor is clear. Pogue is currently domiciled in Kentucky. (Pl.'s Resp. to Def.'s Mot. to Dismiss 7). Principal Life is incorporated and has its principal place of business in Iowa. While Principal Life conducts business in Tennessee, it also conducts business in Kentucky and maintains offices in the state. (Pl.'s Resp. to Def.'s Mot. to Dismiss 14). A Kentucky resident is involved in this case and a Tennessee resident is not. Thus, this factor favors the application of Kentucky law.

When applying the substantial relationship test to these facts, two factors favor the application of Tennessee law and two favor Kentucky, while one is a wash. Yet, to apply Tennessee law in this case would ignore the strong presumption of the application of Kentucky law under the forum's choice of law rules.

"Kentucky courts are very egocentric or protective concerning choice of law questions." *Griffin*, 970 F. Supp. 2d at 707 *(citation omitted)*. "[T]here is a strong preference in Kentucky for applying Kentucky law." *Id*. "This provincial tendency has been recognized routinely by the Sixth Circuit when applying Kentucky's choice-of-law rules." *Id*. (internal quotation marks omitted) (citation omitted). In sum, when a Kentucky court has jurisdiction over the parties, the Court's "primary responsibility" is to follow Kentucky law. *Id*. Furthermore, Kentucky applies the "most significant relationship test" as favoring the application of Kentucky law as long as there are "sufficient contacts and no overwhelming interests to the contrary." *Harris Corp. v. Comair, Inc.*, 712 F.2d 1069, 1071 (6th Cir. 1983) (internal quotation marks omitted) (citation omitted). Thus, while Pogue must only show sufficient contacts with the transaction for Kentucky law to apply, Principal Life must establish "overwhelming interests" to overcome the presumption of the application of Kentucky law. *Id*.

11

In this case, Principal Life points to notable events that occurred in Kentucky and the factors of both the place of contracting and the subject matter of the contract favor the application of Tennessee law. Yet, this is not enough to overcome the strong presumption favoring the application of Kentucky law. Pogue was a Kentucky resident during the denial of his claim, he paid insurance premiums while in Kentucky, and performance under the agreement was to be ultimately rendered in Kentucky. Principal Life does not present "overwhelming interests" to the contrary supporting the application of Tennessee law. Furthermore, Principal Life conducts business in Kentucky, and the Court has established jurisdiction over the company. Under such circumstances, it is the Court's "primary responsibility" to apply Kentucky law in this case. *Griffin*, 970 F. Supp. 2d at 707 *(citation omitted).*

Principal Life cites three cases from the Supreme Court as governing the conflict of law question in this case. (Def.'s Reply to Pl.'s Resp. to Mot. to Dismiss 4-5). These cases indicate that the forum's choice of law may violate the full faith and credit clause of the U.S. Constitution under circumstances where the forum state has no relation to the events that gave rise to the action. *Home Ins. Co. v. Dick*, 281 U.S. 397, 410 (1930); *John Hancock Mut. Life Ins. Co v. Yates*, 299 U.S. 178, 182 (1936); *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 302-03 (1981). This case, however, involves far more contacts related to the forum state than any of the cited cases. Pogue is a Kentucky resident and maintained a Kentucky residency during the payment of premiums and the ultimate denial of his claim. (Pl.'s Resp. to Def.'s Mot. to Dismiss 14). In contrast, the claimants in the cases cited by Principal Life were life insurance beneficiaries with only minimal connections to the chosen forum. In addition, in both *Dick* and *Yates*, the defendants had virtually no connection to the forum state and few of the underlying facts that gave rise to the claim occurred in the forum. *See Dick*, 281 U.S. at 402; *Yates*, 299 U.S. at 179.

12

Here, Principal Life does business in the Kentucky and significant events that giving rise to the action occurred in the state. (Pl.'s Resp. to Def.'s Mot. to Dismiss 14).

Furthermore, Principal Life cites *Allstate Insurance Co. v. Hague* as authority for applying Tennessee law in this case. (Def.'s Reply to Pl.'s Resp. to Mot. to Dismiss 4-5). Yet *Hague* is not supportive of Principal Life's argument. *Hague* stands for the proposition that a court need only to find minimal contacts to apply forum law. *Hague*, 449 U.S. at 318-19. *Hague* supports the application of Kentucky law to this case, as this matter has several connections to this state. Thus, Kentucky law applies to this action, and Principal Life's motion must be denied.

## V.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Principal Life's Motion to Dismiss for *Forum Non Conveniens* or, in the Alternative, Transfer Venue and Motion to Dismiss for Failure to State a Claim (DN 8) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
September 24, 2015

cc:      counsel of record