UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JAMES H. POGUE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:14-CV-599-CHB |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION AND** |
| PRINCIPAL LIFE INSURANCE | ) **ORDER GRANTING DEFENDANT'S** |
| COMPANY, | ) **MOTION FOR SUMMARY** |
| | ) **JUDGMENT AND DENYING** |
| Defendant. | ) **PLAINTIFF'S MOTION FOR RULE** |
| | ) **54(b) JUDGMENT** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff's Brief on Remaining Claims and Motion for Entry of Fed. R. Civ. P. 54(b) Judgment [R. 140] and Defendant's Brief regarding Plaintiff's Bifurcated Claims in Accordance with This Court's March 29, 2019 Order and Motion for Summary Judgment on Same [R. 141]. The Court's previous Order granting Defendants' Motion for Summary Judgment [R. 139] as to the breach of contract claim left remaining only bad faith claims against Principal Life Insurance Company ("Principal"). Defendant argues that precedent clearly mandates that the bad faith claims must fail, since Principal has no obligation to pay Plaintiff under the terms of the relevant insurance policy. Plaintiff argues that this is wrong. For the reasons explained below, the Court will grant Defendant's Motion for Summary Judgment on the remaining claims in this case, and will deny Plaintiff's Motion for Rule 54(b) Judgment as moot.

### I.   STANDARD

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). When determining a motion for summary judgment, a court must construe the evidence and draw all reasonable inferences from the underlying facts in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Lindsay v. Yates,* 578 F.3d 407, 414 (6th Cir. 2009). The court may not "weigh the evidence and determine the truth of the matter" at the summary judgment stage. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 265 (1986). When, as here, the defendant moves for summary judgment, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252. The initial burden of establishing no genuine dispute of material fact rests with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court "need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). If the moving party satisfies this burden, the burden then shifts to the nonmoving party to produce "specific facts" showing a "genuine issue" for trial. *Id.* at 324. Where "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the Court may treat that fact as undisputed. Fed. R. Civ. P. 56(e).

A fact is "material" if the underlying substantive law identifies the fact as critical. *Anderson*, 477 U.S. at 248. Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* A "genuine" issue exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249.

## II. ANALYSIS

In the Sixth Circuit's opinion affirming the district court's decision in the companion case to this matter, *Pogue v. Nw. Mutual Life Ins. Co.*, 2019 WL 1376032 (6th Cir. Feb. 7, 2019) ("Pogue I"), the court clearly explained:

> the very cases that Pogue cited in support of his motion to bifurcate make clear that this type of case "lends itself to bifurcation under Rule 42(b) because if a bad-faith claimant cannot prevail on the coverage issue, [his] claim of bad-faith necessarily fails." *Nationwide Mut. Fire Ins. v. Jahic*, No. 3:11-CV-00155, 2013 WL 98059, at *2 (W.D. Ky. Jan. 7, 2013) (citing *Brantley v. Safeco Ins. Co. of Am.*, No. 1:11-CV-00054-R, 2011 WL 6012554, at *2 (W.D. Ky. Dec. 1, 2011) ). . . . Moreover, in granting Pogue's motion to bifurcate, the magistrate judge explicitly noted that "if [Pogue's] contract claim is resolved in [Northwestern Mutual's] favor, [Pogue's] bad-faith claims will necessarily fail." The magistrate judge thus concluded that "[a] trial on Counts B, C, and D will be conducted only if [Pogue] prevails on Count A, his breach of contract claim." Based on the foregoing, the district court did not abuse its discretion in sua sponte disposing of Pogue's bifurcated claims after entering summary judgment in favor of Northwestern Mutual on Pogue's breach-of-contract claim.

*Pogue v. Nw. Mut. Life Ins. Co.*, No. 18-5291, 2019 WL 1376032, at *5 (6th Cir. Feb. 7, 2019).

Nevertheless, to ensure that both parties received a full and fair chance to brief the issues, rather than exercise its discretion to dispose of the bifurcated claims in this case *sua sponte*, the Court directed the parties to file briefs addressing whether the bad faith claims necessarily fail given the earlier ruling on insurance coverage. Defendant argues that under Kentucky precedent, they do, meaning that there is no genuine dispute of material fact and it is entitled to judgment as a matter of law. Plaintiff repeatedly cites the same four cases for his argument that the bad faith claims do not necessarily fail: *PBI Bank, Inc. v. Signature Point Condominiums LLC*, 535 S.W.3d 700 (Ky. Ct. App. 2016); *State Auto Prop. & Cas. Ins. Co. v. Hargis*, 785 F.3d 189 (6th Cir. 2015); *James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Mgmt., LLC*, 941 F. Supp. 2d 807 (E.D. Ky. 2013); and *Knotts v. Zurich Ins. Co.*, 197 S.W.3d 512 (Ky. 2006). But none of these authorities supports Plaintiff's position.

First, while the Kentucky Court of Appeals in *PBI Bank* did state as a general rule that "[i]n order to show a violation of the implied covenant of good faith and fair dealing, a showing of breach of contract is ordinarily not required," it went on to explain that "the party asserting the violation must provide evidence sufficient to support a conclusion that the party alleged to have acted in bad faith has engaged in some conduct that denied the benefit of the bargain originally intended by the parties." *PBI Bank*, 535 S.W.3d at 718 (internal quotation marks omitted). Further, *PBI Bank* did not involve the insurance context and neither cited to nor overruled any authority specifically addressing the requirements of bad faith claims against insurers. *PBI Bank*, 535 S.W.3d at 718.

Second, the *Hargis* case which Plaintiff cites clearly shows that under binding Kentucky precedent, an insurer must be obligated to pay the claim under the terms of the policy before a bad faith claim of any kind will lie:

> In all, Kentucky recognizes four categories of bad faith claims that may be brought against an insurance company: two common law tort theories for an insurer's breach of the duty of good faith (first-party and assignment to a third-party); and two statutory causes of action premised on an insurer's violation of either the Kentucky Consumer Protection Act (KCPA) or the Kentucky Unfair Claims Settlement Practices Act (KUCSPA). *See Rawe,* 462 F.3d at 526–27; *Motorist Mut. Ins. Co. v. Glass,* 996 S.W.2d 437, 451–52 (Ky.1997) (discussing development of bad faith law in Kentucky). **A single standard applies to all four categories of bad faith claims, which requires that the insured prove three elements:**
>
> "(1) **the insurer must be obligated to pay the claim under the terms of the policy**; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed[.]"
>
> *Wittmer v. Jones,* 864 S.W.2d 885, 890 (Ky.1993) (quoting *198 *Federal Kemper,* 711 S.W.2d at 846–47 (Leibson, J., dissenting)); *see also Rawe,* 462 F.3d at 527. **At a minimum, an insurer that has no obligation to pay under the policy also defeats a claim for bad faith.** In addition, the other elements further raise the bar for an insured to prove bad faith under Kentucky law.

*State Auto Prop. & Cas. Ins. Co. v. Hargis*, 785 F.3d 189, 197–98 (6th Cir. 2015) (emphasis added). The explicit statement that all bad faith claims under Kentucky law require the insured to prove that the insurer is obligated to pay the claim under the terms of the policy comes after a citation to *Scatuorchio* for the general proposition that "[a] separate tort claim for bad faith arises from a violation of a duty to act in good faith that is imposed by the common law, not by the terms of the contract," completely eliminating any argument that *Scatuorchio* implies bad faith claims can survive an adverse ruling on the insurance coverage issue. *Id.* at 196 (internal quotation marks omitted) (citing *Scatuorchio*, 941 F.Supp.2d at 816-17). A great deal of other authority cited by Defendant is in accordance and demonstrates that cases such as this one are often bifurcated because the bad faith claims will rise and fall with the insurance coverage issue.[1] *See Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000) ("Absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute.); *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 407 (6th Cir. 2005); *Honican v. Stonebridge Life Ins. Co.*, 2005 U.S. Dist. LEXIS 48247, *5 (E.D. Ky. Oct. 13, 2005); *Bruckner v. Sentinel Ins. Co.*, 2011 U.S. Dist. LEXIS 13365, *2 (E.D. Ky. Feb. 10, 2011); *Brantley v. Safeco Ins. Co. of Am.*, 2011 WL 6012554, *2 (W.D. Ky. December 1, 2011); *Mass. Mut. Life v. Watson*, 2013 U.S. Dist. LEXIS 4560, *7-8 (E.D. Ky. January 11, 2013); *C.A. Jones Mgmt. Grp., LLC v. Scottsdale Indem. Co.*, No. 5:13-CV-00173-TBR, 2015 WL 1262219, at *2 (W.D. Ky. Mar. 18, 2015); *Lee v. USAA Gen. Indem. Co.*, No. 1:17CV-00043-GNS, 2017 WL 7794584, at *2 (W.D. Ky. May 24, 2017); *Dippin' Dots, LLC v. Travelers Prop. Cas. Co. of Am.*, 322 F.R.D. 271, 275 (W.D.

---

[1] The Court pauses to note that *Pogue I* affirmed a decision applying Tennessee law, while here, the Court required that the parties brief the question under Kentucky law. But as *Pogue I* and the authority it cites make clear, it makes no difference — the law of both states provides that the bad faith claims necessarily fail since the breach of contract claim was resolved in Defendant's favor.

Ky. 2017); *see also Nationwide Mut. Fire Ins. Co. v. Jahic*, 2013 U.S. Dist. LEXIS 1798, *7-8 (W.D. Ky. January 7, 2013).

Plaintiff attempts to distinguish the authorities cited by Defendant on the basis that they involve "insurance coverage disputes," which he says is not the issue in this lawsuit. Instead, Plaintiff says this suit concerns "whether Principal properly replied upon an exclusion to deny Dr. Pogue disability benefits and whether Principal acted in bad faith in handling Dr. Pogue's claim – both during the claims process and in this lawsuit." [R. 142 at p. 4] Plaintiff argues that "Principal has conceded Dr. Pogue was covered under the insurance policy" when it said that it "admits that Plaintiff applied for and was issued disability insurance policy no. 7649981 by Principal Life ("Policy"), which is a written document and contract and speaks for itself." [R. 142 at p. 4] But the Court fails to see how those authorities support such a distinction, or how this case — which involved a previous Order specifically finding that "the insurance policy at issue clearly and unambiguously **excludes coverage** in this situation" [R. 139 at p. 5 (emphasis added)] — does not involve "insurance coverage disputes." Certainly, the authorities cited by Defendant are not limited to disputes over the mere *existence* of an insurance policy between the parties, yet that is what is suggested by Plaintiff's argument that "insurance coverage" is not an issue here.

Finally, Plaintiff's argument based on *Knotts* that an insurer's duty to exercise good faith and fair dealing "extends to conduct during litigation," [R. 140 p. 2; R. 144 p. 6 (both citing *Knotts*, 197 S.W.3d at 530)] is irrelevant, since Plaintiff's briefs do not even attempt to identify how that duty was violated during the course of this litigation. *See Knotts*, 197 S.W.3d at 515 , 522-23 (stating that "KRS 304.12–230 imposes what is generally known as the duty of good faith and fair dealing owed by an insurer to an insured or to another person bringing a claim

under an insurance policy. However, the statute does not lay out an amorphous, non-specific duty. Instead, it proscribes a list of particular acts and practices" and permitting only evidence of an insurer's settlement behavior during litigation, not other litigation conduct, as proof of bad faith during litigation).

Thus, it is clear that in Kentucky, an insurer must be obligated to pay under the terms of the insurance policy before a bad faith claim can be brought against it. Since the Court's previous Order held that Principal was *not* obligated to pay under the terms of the insurance policy at issue in this case, [R. 139 at p. 14], the bad faith claims here must necessarily fail, making further discovery pointless and mandating summary judgment for the Defendant on all remaining claims. This, of course, also renders moot Plaintiff's request for judgment under Fed. R. Civ. P. 54(b) as to the breach of contract claim alone.

### III. CONCLUSION

Accordingly, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. Defendant's **Brief regarding Plaintiff's Bifurcated Claims in Accordance with This Court's March 29, 2019 Order and Motion for Summary Judgment on Same [R. 141]** is **GRANTED**.

2. Plaintiff's **Brief on Remaining Claims and Motion for Entry of Fed. R. Civ. P. 54(b) Judgment [R. 140]** is **DENIED AS MOOT**.

3. A separate Judgment will be entered consistent with this Order.

This the 31st day of December, 2019.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY

cc: Counsel of record